# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

UMG RECORDINGS INC.,
SONY BMG MUSIC ENTERTAINMENT,
ZOMBA RECORDING LLC.,
BMG MUSIC,
LAFACE RECORDS LLC.,
CAPITOL RECORDS LLC, and
INTERSCOPE RECORDS.

                            Case No. 08-CV-792

                        Plaintiffs,

       v.

BRENDA SCHUBERT,

                        Defendant.

_____

# ORDER

On September 19, 2008, plaintiffs filed a complaint alleging that the defendant, Brenda Schubert, impermissibly downloaded songs for which plaintiffs hold either the copyrights or the exclusive licenses to the copyrights. Ms. Schubert has never entered her formal appearance in this action nor herself directly filed an answer to plaintiffs' complaint with the court, though she did mail plaintiffs a handwritten answer which plaintiffs thereafter caused to be filed.

The court issued an order directing the parties to confer and file with the court a single joint scheduling report and a separate joint proposed scheduling order. The parties failed to comply with that order. Plaintiffs provided the court with a scheduling report and a separate proposed scheduling order. These did not comply with the court's order because the defendant played no role in the formulation of these documents. At the same time, the court overlooked the fact that the proposed

scheduling order was purely a creation of the plaintiffs which, under the circumstances, the court should not have entered, since it failed to comply with the parameters set out in its previous order. Plaintiffs now move the court to compel discovery pursuant to Rule 37(a)(3)(B).

The problem with plaintiffs' motion to compel, as well as the scheduling order, is that there is no indication whatsoever that the defendant – who is pro se – is receiving court filings since she has never appeared. The one filing attributable to the defendant was filed by plaintiffs. Further, it appears that the defendant is wholly dependant upon the postal system for notification of the proceedings in this case and the address on file with the court for the defendant was also provided by plaintiffs.

With the benefit of the foregoing facts, the court is unable to continue to enter orders without the defendant having first made a formal appearance in this case. Thus, plaintiffs now find themselves left to seek Ms. Schubert's voluntary appearance, as well as her participation in the preparation of an appropriate scheduling order or, in the alternative, serve her personally with an appropriate motion. Pending such occurrence, the court is obliged to deny plaintiffs' motion to compel, and at the same time must also vacate the scheduling order previously entered.

Accordingly,

**IT IS ORDERED** that plaintiffs' Motion to Compel Discovery Pursuant to Rule 37(a)(3)(B) (Docket #15) be and the same is hereby **DENIED** without prejudice; and

**IT IS FURTHER ORDERED** that the Scheduling Order (Docket #12)

previously entered in this action be and the same is hereby **VACATED**.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge